**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0708, <u>State of New Hampshire v. Victor Woodin</u>, the court on October 12, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Victor Woodin, appeals his conviction, following a bench trial in the Circuit Court (<u>Zaino</u>, J.), on a charge of driving under the influence, first offense. <u>See</u> RSA 265-A:2 (2014). We construe the defendant's brief to be challenging the sufficiency of the evidence to support the conviction, and to be arguing that the trial court erred by not allowing certain testimony at trial. We affirm.

It is the burden of the appealing party, in this case the defendant, to present a record that is sufficient to address the issues raised on appeal, and to demonstrate that the appealing party raised those issues in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). Absent a transcript, we assume that the evidence was sufficient to support the result reached by the trial court, and we review its decision for errors of law only. <u>See id</u>.; <u>Atwood v. Owens</u>, 142 N.H. 396, 396-97 (1997).

In this case, the defendant has not provided a trial transcript. Accordingly, we assume that the evidence was sufficient to support the trial court's findings, and discerning no error of law on the face of the trial court's orders, we uphold the defendant's conviction. <u>See</u> <u>Bean</u>, 151 N.H. at 250; <u>Atwood</u>, 142 N.H. at 396-97. Any remaining arguments raised by the defendant are not sufficiently developed. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**